GLICKSTEIN, Judge,
concurring specially-
I agree with the reversal here, and the reliance upon State v. Cohn. I write primarily because Cohn relied upon a decision of the Fifth Circuit Court of Appeals. That court has more recently recited its adherence to the earlier view, saying, in United States v. Forrest, 620 F.2d 446 (5th Cir.1980):
We repeatedly have held that the examination of a vehicle for the purpose of inspecting the VIN plates or identification-number inscriptions is not a search for purposes of the Fourth Amendment.
An inspection by police officers is not a search merely because the police must open the door of the vehicle in order to examine the VIN plate. [United States v.] Williams [434 F.2d 681 (5th Cir.1970) ], supra; [United States v.] Polk [433 F.2d 644 (5th Cir.1970)], supra. In [United States v.] Duckett [583 F.2d 1309 (5th Cir.1978) ] and [United States v.] Johnson [413 F.2d 1396 (5th Cir.1969)], we found such inspections were justified because the officers had legitimate reasons to suspect criminal activity was afoot. In the instant case the agents had more than sufficient legitimate reasons to suspect criminal mischief. They were justified in making their inspections. Upon doing so, in some instances, they found numbers which proved to be those of stolen vehicles. In other instances they found the VIN plates had been removed. Removal of these plates in most states, including Florida, is prohibited.
Once these inspections were made, the agents had probable cause to seize the vehicles.
Id. at 454-55 (footnotes omitted). Further, the highest court in this state in Ensor v. State, 403 So.2d 349 (Fla.1981), has spoken of “open view” and exigent circumstances to justify warrantless intrusions and seizures.
Secondarily, if I had my druthers, some other district court of appeal would review the decisions of trial judges who subsequently join us as colleagues. While apparently it is not awkward for the former trial judges whose decisions are reviewed, it is for the writer.